UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

Gustavo A. Perez
and other similarly situated individuals,

      Plaintiff(s),

v.

Paramount Property Maintenance LLC,
and Humberto Castelan, individually,

      Defendants,

_____/

## COLLECTIVE ACTION COMPLAINT
(OPT-IN PURSUANT TO 29 USC § 216(b))

Comes now the Plaintiff Gustavo A. Perez, and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants Paramount Property Maintenance LLC, and Humberto Castelan, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff Gustavo A. Perez is a resident of Duval County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendant Paramount Property Maintenance LLC (from now on Paramount Maintenance, or Defendant) is a Florida corporation, having a place of business in Broward and Osceola County, Florida, where Plaintiff worked for Defendant.

4. The individual Defendant Humberto Castelan was and is now the owner/partner/officer and Manager of Defendant Corporation Paramount Maintenance. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. All the actions raised in this complaint took place in Osceola County, Florida, within this Court's jurisdiction.

## General Allegations

6. This cause of action is brought by Plaintiff Gustavo A. Perez as a collective action to recover from the Defendants minimum wages overtime compensation, retaliatory liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff

("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after September 2020, (the "material time") without being adequately compensated.

7. Defendant Paramount Maintenance is a Janitorial and maintenance Company with a central office in Broward County. Defendant also has offices at 709 Business Center LN, Kissimmee, FL 34758. Osceola County, where Plaintiff worked.

8. Defendants Paramount Maintenance and Humberto Castelan employed Plaintiff Gustavo A. Perez as a non-exempted, full-time janitorial employee from September 15, 2020, to June 01, 2021, or 37 weeks.

9. Plaintiff performed his work monthly within the area of Orlando and Jacksonville, giving maintenance and janitorial services to Defendants' commercial accounts.

10. During his employment, Plaintiff had the title of Supervisor and then Manager.  However, Plaintiff always had the same duties. Plaintiff was a lead janitorial employee with additional responsibilities such as filling out cleaning reports for every worksite served. Plaintiff performed the same cleaning and janitorial work like any other janitors

11. Plaintiff was responsible for cleaning the interior of clients' facilities by completing a variety of tasks.  His duties included cleaning floors, carpets,

windows, and walls, cleaning and sanitizing bathrooms, and replacing toiletries. Sanitizing surfaces following COVID-19 prevention protocols, emptying trash cans and recycling bins, and many other janitorial tasks.

12. While employed by Defendants, Plaintiff worked the same schedule. Plaintiff worked 6 days per week. From Monday to Friday, Plaintiff worked from 9:30 AM to 12:30 AM (15 hours daily). On Saturdays, Plaintiff worked from 9:30 AM to 12:30 PM (3 hours). Plaintiff worked regularly and consistently 78 hours weekly. Plaintiff was unable to take bonafide lunch breaks.

13. Furthermore, Plaintiff was on-call 7 days per week, and he worked a minimum of 5 additional on-call hours every week.

14. Consequently, Plaintiff always worked a total of 83 hours weekly, but he never was paid for overtime hours.

15. Plaintiff worked and was paid as follows:

16. <u>1.- The First Period, from September 15, 2020, to March 15, 2021, or 26 weeks</u>, Plaintiff worked as a lead janitor a total of 83 hours weekly. Plaintiff was an hourly employee paid at the rate of $12.00 an hour for 40 hours, or $480.00 weekly plus $200.00 for gas expenses. Plaintiff was not paid for overtime hours, and his overtime rate should be $18.00 an hour. In this period,

Plaintiff is owed 43 overtime hours at the rate of time and one-half his regular rate.

17. 2.- The Second Period, from March 16, 2021, to June 01, 2021, or 11 weeks. In this period, Defendants changed Plaintiff's title to Manager. However, Plaintiff maintained his previous schedule and duties as a lead janitor. Defendants changed Plaintiff's payment plan from hourly to a salaried employee. Plaintiff was paid an annual salary of $35,000.00, or $673.08 weekly, covering 83 working hours, but Plaintiff was not paid overtime hours. In this period, Plaintiff is owed half-time his regular rate for every hour worked over 40 in a week.

18. Plaintiff did not clock in and out, but the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

20. Plaintiff was paid by direct deposits without any record or paystub providing necessary information such as a total number of days and hours worked, wage rate paid, employment taxes withheld, etc.

21. On or about May 28, 2021, Plaintiff complained verbally to his Manager Juan Carlos Ortegon.  Plaintiff complained about the excessive number of hours worked, the unreasonable demands of his Manager, and the lack of payment for overtime hours.  The Manager argued that Plaintiff was a salaried employee, not entitled to be paid overtime hours.

22. On or about June 01, 2021, manager Juan Carlos Ortegon texted Plaintiff and ordered Plaintiff to meet him at a local Starbuck. Plaintiff followed instructions. To his surprise, as soon as Plaintiff arrived, manager Juan Carlos Ortegon required Plaintiff to surrender his company cellphone, laptop, ID badges and fired him. Plaintiff asked the Manager the reason for his termination, but the Manager refused to explain. Plaintiff requested at least a termination letter, but the Manager refused to give Plaintiff anything in writing.

23. Plaintiff GUSTAVO A. PEREZ seeks to recover regular unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

<u>Collective Action Allegations</u>

24. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

25. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every overtime hour worked at the rate of time and one-half their regular rate.

26. This action is intended to include every janitorial and maintenance employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

<u>**COUNT I:**</u>
**<u>WAGE AND HOUR FEDERAL STATUTORY VIOLATION;</u>**
**<u>FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS</u>**

27. Plaintiff Gustavo A. Perez re-adopts every factual allegation stated in paragraphs 1-26 above as if set out in full herein.

28. Defendant, Paramount Maintenance was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant is a janitorial and property maintenance company. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from

non-Florida sources; by using electronic devices to authorize credit card transactions by ordering product and supplies produced out of State. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a janitor and cleaning employee, performing janitorial services in institutions engaged in interstate commerce, like banks. In addition, Plaintiff regularly handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

30. Defendants Paramount Maintenance and Humberto Castelan employed Plaintiff Gustavo A. Perez as a non-exempted, full-time janitorial employee from September 15, 2020, to June 01, 2021, or 37 weeks.

31. During his employment, Plaintiff had 2 periods of employment, and he had 2 different methods of compensation. First, Plaintiff had the title of Supervisor and then Manager. However, Plaintiff always had the same duties, and he was a lead janitorial employee with additional responsibilities such as filling out cleaning reports for every worksite

served. Plaintiff performed the same cleaning and janitorial work as any other janitor.

32. While employed by Defendants, Plaintiff worked the same schedule. Plaintiff worked 6 days per week, a total of 78 hours. Plaintiff was unable to take bonafide lunch breaks.

33. Furthermore, Plaintiff was on-call 7 days per week, and he worked a minimum of 5 additional hours every week.

34. Consequently, Plaintiff always worked a total of 83 hours weekly, but he never was paid for overtime hours.

35. Plaintiff worked and was paid as follows:

36. 1.- The First Period, from September 15, 2020, to March 15, 2021, or 26 weeks, Plaintiff worked as a lead janitor a total of 83 hours weekly, but he was not paid overtime hours.  Plaintiff was an hourly employee paid at the rate of $12.00 an hour for 40 hours, or $480.00 weekly plus $200.00 for gas expenses. Plaintiff's overtime rate should be $18.00 an hour.  In this period, Plaintiff is owed 43 overtime hours at the rate of time and one-half his regular rate.

37. 2.- The Second period, from March 16, 2021, to June 01, 2021, or 11 weeks. In this period, Defendants changed Plaintiff's title to Manager.  However, Plaintiff maintained his previous schedule and duties as a lead janitor. Defendants changed Plaintiff's payment plan from hourly to a salaried

employee. Plaintiff was paid an annual salary of $35,000.00, or $673.08 weekly, for 83 working hours, but Plaintiff was not paid overtime hours. In this period, Plaintiff is owed half-time his regular rate for every hour worked over 40 in a week.

38. Plaintiff did not clock in and out, but the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

39. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

40. Plaintiff was paid by direct deposits without any record or paystub providing necessary information such as a total number of days and hours worked, wage rate paid, employment taxes withheld, etc.

41. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

42. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

43. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

44. Plaintiff is not in possession of time and payment records, but he will provide a reasonable faith estimate based on his recollections and the best of his knowledge. After discovery, Plaintiff will amend his statement of claim accordingly.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Twenty-Three Thousand One Hundred Ninety-Three Dollars and 77/100 ($23,193.77)

    b. <u>Calculation of such wages</u>:

        Total period of employment: 37 weeks
        Relevant weeks of employment:  37 weeks
        Total hours worked:  83 hours weekly average
        Total unpaid O/T hours:  43 overtime hours

    1.- <u>O/T from September 15, 2020, to March 15, 2021, or 26 weeks</u>,

        Relevant weeks of employment:  26 weeks
        Total hours worked:  83 hours weekly average
        Total overtime hours: 43 overtime hours
        Regular rate: $12.00 an hour x 1.5=$18.00
        O/T rate: $18.00 an hour

        O/T $18.00 x 43 O/T hours=$774.00 weekly x 26 weeks=$20,124.00

2.- <u>O/T from March 16, 2021, to June 01, 2021, or 11 weeks</u>

*Plaintiff wage rate was $8.11 an hour. Florida's minimum wage in 2021 is $8.65, which is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

Relevant weeks of employment:  11 weeks
Total hours worked:  83 hours weekly average
Total unpaid O/T hours: 43 overtime hours
Salary: $673.08 weekly: 83 hours= $8.11
FL min. wage 2021: $8.65 an hour x 1.5=$12.98: 2 = $6.49 difference
O/T half-time: $6.49

Half-time O/T $6.49 x 43 O/T hours=$279.07 weekly
$279.07 x 11 weeks= $3,069.77

Total #1, and #2: $23,193.77

c.   <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.

45. At all times material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1), in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act. Still, the Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

46. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these

overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

47. At times mentioned, individual Defendant Humberto Castelan was and is now the owner/partner/manager of Paramount Maintenance. Defendant Humberto Castelan was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Paramount Maintenance's interests concerning its employees, including Plaintiff and others similarly situated. Defendant Humberto Castelan had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and is jointly and severally liable for Plaintiff's damages.

48. Defendants Paramount Maintenance and Humberto Castelan willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

49. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

Prayer for Relief

Wherefore, Plaintiff Gustavo A. Perez and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Gustavo A. Perez and other similarly situated individuals and against the Defendants Paramount Maintenance and Humberto Castelan based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff Gustavo A. Perez actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Gustavo A. Perez demands trial by a jury of all issues triable as of right by a jury.

<u>COUNT II:</u><br>
<u>FLSA WAGE AND HOUR FEDERAL STATUTORY VIOLATION:</u><br>
<u>FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS</u>

50. Plaintiff Gustavo A. Perez re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

51. Plaintiff Gustavo A. Perez brings this action and those similarly situated to recover from the Employers Paramount Maintenance and Humberto Castelan unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 USC § 201 et seq., and specifically under the provisions of 29 USC §206.

52. Defendant, Paramount Maintenance was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

53. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a janitor and cleaning employee, performing janitorial services in institutions engaged in interstate like banks.  In addition, Plaintiff regularly handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

54. Defendant Paramount Maintenance was and is subjected to the minimum wage provisions of the Fair Labor Standards Act (FLSA).

55. USC §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce or is employed in an enterprise engaged in commerce or

56.  the production of goods for commerce, wages at the following rates:

   (1) except as otherwise provided in this section, not less than—

      (A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

      (B) $6.55 an hour, beginning 12 months after that 60th day; and

       (C) $7.25 an hour, beginning 24 months after that 60th day

57. Defendants Paramount Maintenance and Humberto Castelan employed Plaintiff Gustavo A. Perez as a non-exempted, full-time janitorial employee from September 15, 2020, to June 01, 2021, or 37 weeks.

58. During his employment, Plaintiff had 2 periods of employment, and he had 2 different methods of compensation.

59. While employed by Defendants, Plaintiff worked the same schedule. Plaintiff worked 6 days per week, a total of 78 hours. Plaintiff was unable to take bonafide lunch breaks.

60. Furthermore, Plaintiff was on-call 7 days per week, and he worked a minimum of 5 additional hours every week.

61. Consequently, Plaintiff always worked a total of 83 hours weekly, but he never was paid for overtime hours.

62. Plaintiff worked and was paid as follows:

63. <u>1.- The First Period, from September 15, 2020, to March 15, 2021, or 26 weeks</u>, Plaintiff worked as a lead janitor for a total of 83 hours weekly.  Plaintiff was an hourly employee paid at the rate of $12.00 an hour for 40 hours, or $480.00 weekly plus $200.00 for gas expenses.

64. <u>2.- The Second Period, from March 16, 2021, to June 01, 2021, or 11 weeks</u>. In this period, Defendants changed Plaintiff's title to Manager.  However, Plaintiff maintained his previous schedule and duties as a lead janitor. Defendants changed Plaintiff's payment plan from hourly to a salaried employee. Plaintiff was paid an annual salary of $35,000.00, or $673.08 weekly, for 83 working hours,

65. The weekly salary of $673.08 paid to Plaintiff divided by the total number of hours worked resulted in a regular rate of $8.11 an hour, which is below the minimum wage rate required to pay in Florida, as per FLSA regulations.

66. Plaintiff did not clock in and out, but the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

67. Therefore, Defendants willfully failed to pay Plaintiff his regular wages in violation of the Fair Labor Standards Act.

68. Plaintiff was paid by direct deposits without any record or paystub providing necessary information such as a total number of days and hours worked, wage rate paid, employment taxes withheld, etc.

69. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

70. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

71. Upon information and belief, Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform

employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 USC § 516.4.

72. Before the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's reasonable faith estimate of unpaid wages are as follows:

\* Florida's minimum wage for 2021 is $8.65, which is higher than the Federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

a. <u>Total amount of alleged unpaid wages</u>:

Four Hundred Ninety-Three Dollars and 02/100 ($493.02)

b. <u>Calculation of such wages</u>:

Total weeks of employment: 37 weeks
Total relevant week:  11 weeks
Total hours worked:  83 hours weekly
Total hours worked: 83 hours weekly
Florida minimum wage 2021:  $8.65- $8.11 rate paid=$0.54 Min. wage difference

$0.54 x 83 hours= $44.82 weekly x 11 weeks = $493.02

c. <u>Nature of wages</u>:

This amount represents unpaid min. wages at Florida minimum Wage rate.

73. Defendants Paramount Maintenance and Humberto Castelan unlawfully failed to pay Plaintiff minimum wages.

74. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these minimum wages since the commencement of Plaintiff and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

75. At times mentioned, individual Defendant Humberto Castelan was and is now the owner/partner/manager of Paramount Maintenance. Defendant Humberto Castelan was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Paramount Maintenance's interests concerning its employees, including Plaintiff and others similarly situated.  Defendant Humberto Castelan had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and is jointly and severally liable for Plaintiff's damages.

76. Defendants Paramount Maintenance and Humberto Castelan willfully and intentionally refused to pay Plaintiff minimum wages as required by the

Fair Labor Standards Act and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants.

77. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>Prayer for Relief</u>

Wherefore, Plaintiff Gustavo A. Perez and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff Gustavo A. Perez and against the Defendants Paramount Maintenance and Humberto Castelan on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq. and other Federal Regulations; and

B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

Demand for a Jury Trial

Plaintiff Gustavo A. Perez and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

**COUNT III:**
**FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE;**
**PURSUANT TO 29 USC 215(a)(3)**

78. Plaintiff Gustavo A. Perez re-adopts every factual allegation as stated in paragraphs 1-26 of this complaint as if set out in full herein.

79. Defendant, Paramount Maintenance was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A). Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

80. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff was a janitor and cleaning employee, performing janitorial services in institutions engaged in interstate like banks.  In addition, Plaintiff regularly handled and worked with goods and materials that were moved in interstate commerce at any time during the business. Therefore, there is individual coverage.

81. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

82. 29 USC § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

83. 29 USC § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr. to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

84. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

85. Defendants Paramount Maintenance and Humberto Castelan employed Plaintiff Gustavo A. Perez as a non-exempted, full-time janitorial employee from September 15, 2020, to June 01, 2021, or 37 weeks.

86. During his employment, Plaintiff had 2 periods of employment, and he had 2 different compensation methods. First, Plaintiff had the title of Supervisor and then Manager.  However, Plaintiff always had the same duties, and he

was a lead janitorial employee with additional responsibilities such as filling out cleaning reports for every worksite served. Plaintiff performed the same cleaning and janitorial work as any other janitor.

87. While employed by Defendants, Plaintiff worked the same schedule. Plaintiff worked 6 days per week a total of 78 hours. Plaintiff was unable to take bonafide lunch breaks.

88. Furthermore, Plaintiff was on-call 7 days per week, and he worked a minimum of 5 additional hours every week.

89. Consequently, Plaintiff always worked a total of 83 hours weekly, but he never was paid for overtime hours.

90. Plaintiff worked and was paid as follows:

91. <u>1.- The First Period, from September 15, 2020, to March 15, 2021, or 26 weeks</u>, Plaintiff worked as a lead janitor a total of 83 hours weekly, but he was not paid overtime hours.  Plaintiff was an hourly employee paid at the rate of $12.00 an hour for 40 hours, or $480.00 weekly plus $200.00 for gas expenses. Plaintiff's overtime rate should be $18.00 an hour.  In this period, Plaintiff is owed 43 overtime hours at the rate of time and one-half his regular rate.

92. <u>2.- The Second Period, from March 16, 2021, to June 01, 2021, or 11 weeks</u>. In this period, Defendants changed Plaintiff's title to Manager.  However, Plaintiff maintained his previous schedule and duties as a lead janitor.

Defendants changed Plaintiff's payment plan from hourly to a salaried employee. Plaintiff was paid an annual salary of $35,000.00, or $673.08 weekly, covering 83 working hours, but Plaintiff was not paid overtime hours. In this period, Plaintiff is owed half-time his regular rate for every hour worked over 40 in a week.

93. Furthermore, the weekly salary of $673.08 paid to Plaintiff divided by the number of hours he worked resulted in a regular rate of $8.11 an hour, which is less than the minimum wage rate required to pay in Florida, as per FLSA regulations.

94. Plaintiff did not clock in and out, but the Defendants could track the hours worked by Plaintiff and other similarly situated individuals.

95. Therefore, Defendants willfully failed to pay Plaintiff minimum wages and overtime hours at the rate of time and one-half his regular rate for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 USC 207(a)(1).

96. Plaintiff was paid by direct deposits without any record or paystub providing necessary information such as a total number of days and hours worked, wage rate paid, employment taxes withheld, etc.

97. Plaintiff was disappointed about his wages and working conditions, and or about May 28, 2021, Plaintiff complained verbally to his Manager Juan

Carlos Ortegon.  Plaintiff complained about the excessive number of hours worked, the unreasonable demands from his Manager, and the lack of payment for overtime hours.

98. This complaint constituted protected activity under the FLSA.

99. The Manager argued that Plaintiff was a salaried employee, and he was not entitled to be paid overtime hours.

100.     As a direct result of Plaintiff's complaints, on or about June 01, 2021, manager Juan Carlos Ortegon texted Plaintiff and ordered Plaintiff to meet him at a local Starbuck. Plaintiff followed instructions. To Plaintiff's surprise, as soon as he arrived, manager Juan Carlos Ortegon required Plaintiff to surrender his company cellphone, laptop, and ID badges and fired him. Plaintiff asked the Manager the reason for his termination, but the Manager refused to explain. Plaintiff requested at least a termination letter, but the Manager refused to give him anything in writing.

101.     At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

102.     There is close proximity between Plaintiff's protected activity and his termination.

103.   The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for his complaints about unpaid overtime wages.

104.   The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

105.   At times mentioned, individual Defendant Humberto Castelan was and is now the owner/partner/manager of Paramount Maintenance. Defendant Humberto Castelan was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. This individual Defendant acted directly in Paramount Maintenance's interests concerning its employees, including Plaintiff and others similarly situated.  Defendant Humberto Castelan had financial and operational control of the business, determined Plaintiff's terms and conditions of employment, and is jointly and severally liable for Plaintiff's damages.

106.   Plaintiff Gustavo A. Perez has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

Prayer For Relief

Wherefore, Plaintiff Gustavo A. Perez respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that the Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants Paramount Maintenance and Humberto Castelan that Plaintiff Gustavo A. Perez recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants Paramount Maintenance and Humberto Castelan to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff Gustavo A. Perez further prays for such additional relief as the interests of justice may require.

<u>Demand for a Jury Trial</u>

Plaintiff Gustavo A. Perez demands trial by a jury of all issues triable as of right by a jury.

Dated:  July 26, 2021

Respectfully submitted,

By:  _/s/ Zandro E. Palma_____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone:       (305) 446-1500
Facsimile:       (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*